IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS FERNANDO JIMENEZ FLORES, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSE MASONRY CORPORATION, *et al*., <br><br> Defendants. | Civil Action No. 23-cv-03215-LKG <br><br> Dated: June 6, 2024 |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff, Carlos Fernando Jimenez Flores, alleges in this civil action that Defendants, Diverse Masonry Corporation ("Diverse Masonry") and Lance McCauley, failed to pay him certain wages for overtime work performed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*., the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. §§ 3-415, 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Lab. & Empl. §§ 3-505, 3-507.2. *See generally* ECF No. 1 ¶¶ 14-45. On April 11, 2024, the parties filed a joint motion for the approval of their FLSA settlement (the "Settlement Agreement") that would resolve these claims and allow Plaintiff to recover $4,128.67 in overtime pay and $4,128.67 in liquidated damages. *See generally* ECF No. 15; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action). On June 4, 2024, the parties filed a supplement to their joint motion for approval of the Settlement Agreement, seeking to approve the payment of attorneys' fees in the amount of $11,092.27 and costs in the amount of $907.73 to Plaintiff's counsel. ECF No. 17.

The Court held a fairness hearing on the parties' proposed Settlement Agreement on June 5, 2024. ECF No. 18. For the reasons set forth below, and stated during the fairness hearing, the Court: (1) **GRANTS** the parties' joint motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff **$4,128.67** in overtime pay and **$4,128.67** in liquidated damages; and (4) **AWARDS** Plaintiff's counsel **$11,092.27** in attorneys' fees and **$907.73** in costs.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.     Factual Background

In this civil action, Plaintiff alleges that Diverse Masonry and Lance McCauley violated the FLSA, DCWPCL, MWHL and MWPCL, by failing to pay him certain wages for overtime hours worked during his employment with Diverse Masonry. ECF No. 1 at ¶ 1. Specifically, Plaintiff contends that he worked an average of 50 hours per week. *Id*. at ¶ 11. But, he alleges that Defendants failed to pay him the one-and-one-half premium rate for hours worked in excess of 40 in a week. *Id*. at ¶ 12. As relief, Plaintiff seeks to recover unpaid wages with interest, attorneys' fees and costs. *Id*. at Prayer for Relief.

The Parties

Plaintiff, Carlos Fernando Jimenez Flores, is a resident of Prince George's County, Maryland. *Id*. at ¶ 1. Plaintiff was employed by Defendants as a day laborer from approximately January 2019 to July 11, 2023. *Id*.

Defendant Diverse Masonry Corporation is a Virginia limited liability company that is licensed to do business in Maryland. *Id*. at ¶ 2.

Defendant Lance McCauley is the owner and President of Diverse Masonry. *Id*. at ¶ 4.

---

[1] The facts recited in this memorandum opinion are derived from the complaint and the parties' joint motion for approval of the Settlement Agreement.

<u>Plaintiff's Allegations</u>

As background, Plaintiff was employed by Diverse Masonry from approximately January 2019 until July 11, 2023. *Id*. at ¶ 1. During this time, Plaintiff worked on various construction projects located in the District of Columbia, Maryland and Virginia. *Id*.

Plaintiff alleges that he customarily worked for Diverse Masonry on Mondays through Fridays from 6:30 a.m. to between 3:30 p.m. and 6:00 p.m. *Id*. at ¶ 11. Plaintiff also alleges that he worked multiple Saturdays per month. *Id*. And so, Plaintiff contends that he worked an average of 50 hours per week for Diverse Masonry, until his employment with the company was terminated on July 11, 2023. *Id*.

During his employment with Diverse Masonry, Plaintiff provided Defendants with a timesheet on a weekly basis, which reflected all hours that he had worked during that week. *Id*. at ¶¶ 9, 13. Defendants, in turn, paid Plaintiff *via* check for each work week. *Id*. at ¶ 12.

Plaintiff alleges that Defendants were aware of his overtime hours, because Defendant McCauley relied on Plaintiff's timesheets to prepare his paychecks. *Id*. ¶ 13. Plaintiff also alleges that Defendants paid him the same rate for all of his hours, even though he regularly worked overtime. *Id*. at ¶¶ 12-13. And so, Plaintiff alleges that Defendants owe him one-and-one-half times his regular hourly rate, for each hour worked in excess of 40 in a week, and liquidated damages. *Id*. at ¶¶ 17, 22.

<u>Settlement Agreement</u>

After Plaintiff commenced this action on November 27, 2023, the parties reached a tentative agreement to resolve all claims. ECF Nos. 1, 15. And so, on April 11, 2024, the parties filed a joint motion for Court approval of the Settlement Agreement. ECF No. 15. On June 4, 2024, the parties filed a supplemental memorandum to their joint motion to approve the Settlement Agreement, seeking Court approval for the parties' settlement of attorneys' fees and costs owed to Plaintiff. ECF No. 17.

Relevant to the pending joint motion, the Settlement Agreement provides that Defendant Diverse Masonry shall pay a total sum of $8,257.34 to Plaintiff, reflecting the full measure of Plaintiff's unpaid $4,128.67 in overtime wages and an equal amount in liquidated damages,

3

under the FLSA.  ECF No. 15 at 1.  And so, Plaintiff will recover the entirety of his unpaid wages.[2]  *Id*. at 5.

In addition, Defendants have also agreed to pay Plaintiff's attorneys' fees in the amount of $11,092.27 and costs in the amount of $907.73.  ECF No. 17 at 1.  These fees and costs will not be deducted from Plaintiff's recovery.  ECF No. 15 at 1.

The Settlement Agreement also provides that the parties have entered into their agreement "for the purpose of compromising, resolving, and settling any and all existing claims, liabilities, duties, obligations, and differences between them, including the unpaid wage allegations set forth by [Plaintiff] and any other matter relating to his former employment" with Diverse Masonry.  ECF No. 15-2 at 1-2.  And so, the parties agree that the Settlement Agreement provides for a "**GENERAL MUTUAL RELEASE AND A FULL AND FINAL SETTLEMENT**," which is to be broadly interpreted.  *Id*. at 7 ¶ 7.

To support their agreement regarding Plaintiff's attorneys' fees and costs, the parties have filed contemporaneous billing records from Plaintiff's attorneys, which show the time that counsel spent on the case, and declarations from Plaintiff's counsel, Omar Vincent Melehy, Suvita Melehy and Andrew Balashov.  ECF Nos. 17-2, 17-3, 17-4, 17-5.  These submissions reflect that Plaintiff's attorneys expended approximately 42 hours on this matter and list counsel's billing rates.  ECF No. 17 at 4.  And so, the parties request that the Court approve the Settlement Agreement, including the award of attorneys' fees and costs.  ECF No. 15 at 6.

### B. Procedural History

Plaintiff filed the complaint on November 27, 2023.  ECF No. 1.  On April 11, 2024, the parties filed a joint motion seeking approval of the Settlement Agreement.  ECF No. 15.  On June 4, 2024, the parties filed a supplemental memorandum to their joint motion seeking approval of the Settlement Agreement.  ECF No. 17.  On June 5, 2024, the Court held a fairness hearing regarding the parties' Settlement Agreement.  ECF No. 18.

---

[2] Defendants provided Plaintiff with his timesheets so that he could calculate his damages.  ECF No. 15 at 2.  Based upon these timesheets, Plaintiff estimates his unpaid overtime wages to be $4,128.67.  *Id*.  Under the proposed terms of the Settlement Agreement, Plaintiff will recover the entirety of those unpaid wages, plus an equal amount of liquidated damages, for a total damages award of $8,257.34.  *Id*.

4

### III.    LEGAL STANDARDS

####    A.    The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees. *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013). The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which he is employed" for each additional hour worked. 29 U.S.C. § 207(a)(1). The statute's provisions are mandatory and generally are not subject to bargaining, waiver or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

A Court-approved settlement is an exception to this rule. 29 U.S.C. § 216(b); *Duprey*, 30 F. Supp. 3d at 407. The Court may approve a settlement of an FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 299047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citations omitted). And so, to approve a FLSA settlement agreement, the Court must find that: (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees, if included in the agreement, are reasonable.[3]

---

[3] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted). This Court has found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, 2022 WL 1422897, at *2 (D. Md. May 5, 2022). The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiff's success on the

*See Duprey*, 30 F. Supp. 3d at 408 (citations omitted).  These factors are most likely to be found where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F. 2d at 1354.

## IV.     ANALYSIS

The parties request that the Court approve the Settlement Agreement upon the grounds that the Settlement Agreement is fair and reasonable.  *See generally* ECF No. 15.  For the reasons set forth below, and stated during the hearing held in this matter on June 5, 2024, the Court: (1) **GRANTS** the parties' joint motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff $4,128.67 in overtime pay and $4,128.67 in liquidated damages; and (4) **AWARDS** Plaintiff's counsel $11,092.27 in attorneys' fees, and $907.73 in costs.

### A.  The Parties Have Shown That The Settlement Agreement Reflects A Reasonable Compromise Of A *Bona Fide* FLSA Dispute

While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving an FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are *bona fide* FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) if included in the agreement, whether the proposed attorneys' fees are reasonable.  *See Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted).  In determining the first issue—whether a *bona fide* FLSA dispute exists—the Court "examine(s) the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id*. (citations omitted).  And so, this Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification or asserts an affirmative defense.  *See, e.g.*, *De La Cruz v. Chopra*, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

In this case, the complaint and joint motion for approval of the Settlement Agreement establish that there is a *bona fide* FLSA dispute between the parties, because the parties disagree

---

merits and the amount of the settlement in relation to the potential recovery.  *See De La Cruz*, 2018 WL 2298717, at *2 (citations omitted).

about whether Defendants properly compensated Plaintiff for overtime work under the FLSA and Maryland law. ECF No. 15 at 2. In the complaint, Plaintiff alleges that he was employed by Diverse Masonry between January 2019 and July 11, 2023, and contends that he regularly worked more than 40 hours per week without receiving overtime pay. ECF No. 1 at ¶¶ 1, 11. Plaintiff also alleges that Defendants were aware that he worked an average of 50 hours per week, and that he was entitled to overtime pay, but that Defendants "paid him for his overtime hours at straight time rates." *Id*. at ¶¶ 1, 11, 13. And so, Plaintiff alleges that Defendants owe him the one-and-one-half overtime premium for each hour worked in excess of 40 in a week during his employment with Diverse Masonry. *Id*. at ¶¶ 17, 22.

Defendants, however, deny Plaintiff's allegations and assert that Plaintiff is not owed additional wages now that he is no longer employed by the company. ECF No. 15-2 at 1. Given this, the parties have a *bona fide* dispute as to whether Plaintiff is entitled to overtime pay, and, if so, how much. *Id*.; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *De La Cruz*, 2018 WL 2298717, at *2.

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute. To determine whether the proposed Settlement Agreement at issue here is fair and reasonable, the Court considers: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiff; (5) counsel's opinions; and (6) the probability of the plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Duprey*, 30 F. Supp. 3d at 409. These factors support a finding that the Settlement Agreement is fair and reasonable for several reasons.

First, with regards to the extent of discovery and the stage of these proceedings, the parties acknowledge that formal discovery has not begun in this case. ECF No. 15 at 4. But the parties have engaged in extensive informal discovery, in an effort to resolve the FLSA dispute. In this regard, Defendants voluntarily turned over timesheets and paychecks upon Plaintiff's request, which Plaintiff used to calculate his damages. *Id*. The parties also state that formal discovery would not change Plaintiff's posture in this case. *Id*. And so, the parties have shown

that they effectively exchanged information relevant to Plaintiff's FLSA claims to determine the amount of his overtime work and any compensation owed to Plaintiff as a result. *Id*.

Second, the considerable experience of counsel in FLSA matters also weighs in favor of accepting the Settlement Agreement. Plaintiff is represented by experienced attorneys in this matter, including his lead counsel, Suvita Melehy, who has practiced law since December 1995. *Id*. at 5. The information before the Court also shows that Ms. Melehy and the other attorneys at her firm have litigated numerous FLSA wage cases in the District of Maryland and the District of Columbia. *Id*. Given this, the Court is satisfied that Plaintiff's counsel "are experienced in wage-and-hour matters and have years of experience in employment law generally." *Id*.

The probability of Plaintiff's success on the merits, and the proposed settlement amount in relation to the potential recovery in this case, also demonstrate that the Settlement Agreement is fair and reasonable. Under the Settlement Agreement, Plaintiff will recover 100% of the damages sought in this matter. ECF No. 15 at 1, 5. In addition, while Defendants do not concede liability in this case, they have facilitated Plaintiff's damages calculation by providing him with timesheets and payroll records. *Id*. at 5. Given this, the parties persuasively argue that the Settlement Agreement is in Plaintiff's best interests. *Id*.

Lastly, the Court observes that there is no suggestion of fraud or collusion in this case. Plaintiff's attorneys have represented Plaintiff since the beginning of this litigation. *See* ECF No. 1. The parties also state that the respective counsel in this case "are at arms-length and have no other dealings between each other," aside from the representation of their respective clients. ECF No. 15 at 4. The parties also state that the payment of Plaintiff's attorneys' fees and costs will be independent of Plaintiff's recovery. *Id*.

And so, for all of the aforementioned reasons, the Court is also satisfied that the Settlement Agreement reflects a reasonable compromise, given the inherent risks and costs associated with further litigation of this matter. *See Saman v. LBDP, Inc.*, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *De La Cruz*, 2018 WL 2298717, at *1.

### B. The Award Of Attorneys' Fees And Costs To Plaintiff's Counsel Are Reasonable

As a final matter, the Court is also satisfied that the attorneys' fees and costs that Defendants have agreed to pay to Plaintiff's counsel are reasonable. Because the Settlement

8

Agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable. *Lynn's Food Stores*, 679 F.2d at 1354.

When calculating an award of attorneys' fees, "the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see also Thompson v. HUD*, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2022). And so, this Court has established rates that are presumptively reasonable for lodestar calculations in Appendix B to its Local Rules. *See* L.R. App. B. (D. Md. 2023).

Here, the Settlement Agreement provides for the payment of attorneys' fees in the amount of $11,092.27 and costs in the amount of $907.73. ECF No. 17 at 1. The parties' supplemental memorandum to the joint motion for approval of the Settlement Agreement also states that Plaintiff's three attorneys and their law clerks and paralegals expended 41.6 hours on this matter. ECF No. 17-2 at 7. After subtracting eight "no charge" hours, Plaintiff's attorneys state that they expended 33.6 billable hours on this matter. *Id*.

With regards to the hourly rates for Plaintiff's counsel, Mr. Melehy has 37 years of experience, Ms. Melehy has 28 years of experience and Mr. Balashov has eight years of experience. ECF No. 17 at 5. The parties' settlement of attorneys' fees incorporates Mr. Melehy's rate of $675 per hour, Ms. Melehy's rate of $625 per hour, Mr. Balashov's rate of $400 per hour and the firm's law clerk and paralegal rate of $225 per hour. *Id*.

While these rates are somewhat higher than the presumptively reasonable rates for lodestar calculations under the Court's Local Rules, the parties persuasively argue that these rates are "reflective of the current market rates in this locality for employment attorneys who practice in federal court." *Id*. at 6. In this regard, the Court observes that the hourly rate for Plaintiff's counsel falls either below, or only slightly above, the median hourly rate for attorneys who litigate wage-and-hour cases in Maryland. *Id*.

Having accepted Plaintiff's proposed hourly rates as reasonable, the Court next observes that the "lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended'" is $13,260.30 in this case. ECF No. 17-2 at 7; *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The parties have agreed to an award of $11,092.27 in attorneys' fees, which is below this figure and results in recovery of attorneys' fees that account for 83.65% of the lodestar amount. ECF No. 17 at 1; ECF No. 17-2 at 7. Importantly, none of these attorneys' fees will be deducted from Plaintiff's award of unpaid overtime wages and liquidated damages. ECF No. 17 at 1-2. And so, the Court is satisfied that Plaintiff's attorneys' fees are reasonable.

Lastly, the parties have also shown that the costs to be recouped by Plaintiff's counsel under the Settlement Agreement are reasonable. Plaintiff's attorneys represent to the Court that they incurred $907.73 in expenses while litigating this matter, including monthly charges for use of the LexisNexis legal research database and expenses related to photocopies and postage. *Id*. at 1; ECF No. 17-3 at 7. The parties indicate that the Settlement Agreement will cover all of these costs. ECF No. 17-2 at 7. The Court is satisfied that these costs accurately reflect the litigation expenses incurred by Plaintiff's counsel in this case. And so, the Court will APPROVE the award of attorneys' fees in the amount of $11,092.27 and the award of costs in the amount of $907.73.

## V.   CONCLUSION

In sum, the Court is satisfied that the Settlement Agreement constitutes a fair and reasonable compromise of the parties' *bona fide* dispute under the FLSA and that the attorneys' fees and costs provided for in the Settlement Agreement are reasonable. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the parties' joint motion for approval of the Settlement Agreement;

(2) **APPROVES** the Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* FLSA dispute; and

(3) **AWARDS** Plaintiff **$4,128.67** in unpaid overtime wages and **$4,128.67** in liquidated damages; and

(4) **AWARDS** Plaintiff's counsel **$11,092.27** in attorneys' fees and **$907.73** in costs.

The Court shall retain jurisdiction over this matter to enforce the terms of the Settlement Agreement.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
